## Commonwealth v. Santiago

*Kenneth G. Biehn,* for Commonwealth.

*Robert T. Burke,* for defendant.

BODLEY, J., March 23, 1971.—On September 24, 1968, following a two-day trial, the defendant was found guilty by a jury of larceny, receiving stolen goods and conspiracy. At the request of counsel for defendant, sentence was deferred pending his decision as to whether or not a motion for a new trial would be filed. In due course, on October 1, 1968, such a motion, as well as a motion in arrest of judgment, was duly filed. Some delay was occasioned by the unavailability of the transcript of testimony which was not filed until June 2, 1970. However, promptly thereafter, on June 9, 1970, the office of the district attorney notified counsel for defendant that his brief of argument was due to be filed in accordance with the Rules of the Bucks County Courts, within 30 days of that date.

Counsel failed to file his brief as required, but the case was nevertheless scheduled for argument on September 14, 1970. On that date, the district attorney petitioned the court to dismiss defendant's motions

by reason of his noncompliance with our rules of court. This petition was not acted upon at that time. Rather, the case was continued.

The case was again listed for argument on February 22, 1971, before the court en banc.

Specific notice of the listing of the case for argument was delivered to defendant's counsel, Robert T. Burke, Esq., under date of February 5, 1971, by the court administrator. Notwithstanding such notice and notwithstanding the fact that counsel had failed to file his brief as of the date of the scheduled argument, although the same had been due since July 10, 1970, Mr. Burke failed to appear at the argument court session to argue the case or to explain his delinquency. Nor did he, so far as the court has been apprised, communicate in any fashion with either the court administrator who had given him notice to appear, or with the district attorney's office concerning the matter. Once more, the district attorney appeared and once again he requested that the court quash and dismiss defendant's motions for a new trial and in arrest of judgment in accordance with the provisions of Bucks County Rule of Criminal Procedure ★1123(e). This motion shall be granted.

The rule above referred to provides:

"The moving party's briefs shall be filed within 30 days of the completion of the record or the filing of the notes of testimony, as the case may be, and forthwith served upon the attorney for the opposing side and any unrepresented party. Failure to file briefs in accordance with the foregoing time limitation shall constitute an abandonment of the application for the relief requested."

This rule was adopted by our court, effective immediately thereafter, on November 20, 1969. Quite obviously, the reason behind the adoption of the rule

lay in the increasing difficulty experienced by this court, and, we are sure, by other courts, in our continuing effort to control the business of the courts and to transact that business with dispatch. Dilatory tactics of counsel, whether actual and resulting from questionable ethical attitudes, or apparent and arising from mere neglect, require that we enforce our rules so as to avoid the unwarranted delays and the clogging of calendars which otherwise would ensue.

We are cognizant of the fact that, in dismissing the motions filed by Mr. Burke on behalf of his client, we are denying to defendant his right to explore possible trial error and to secure to himself appellate review in the event of an unfavorable ruling by this court. Nonetheless, the compelling need for this court to control its own calendar, to avoid that control from being exercised by counsel or by litigants, and, the overriding need to transact its business with dispatch, outweighs the court's ever-present desire to secure to the criminal defendant the right to pursue all legal remedies available to him.

It is our belief that the power of the judiciary to regulate its own proceedings is an inherent one and is not in any fashion dependent upon legislative edict. The courts of our Commonwealth routinely obey legislative directions as to procedure (Sayers v. Commonwealth, 88 Pa. 291, 307 (1879)) except where legislative enactments are infringements upon the known judicial power: Socialist Labor Case, 332 Pa. 78, 80 (1938). Nonetheless, and notwithstanding judicial compliance with various legislative enabling acts respecting practice and procedure, the general weight of authority is that the power to establish rules of procedure is inherent in the judiciary. See "The Inherent Power of the Judiciary," 21 ABAJ, 635.

Prior to the 1968 referendum which approved the Judiciary Article proposed by the Constitutional Convention of 1967-68, the Supreme Court of Pennsylvania, on June 30, 1964, adopted the following rule effective January 1, 1965.

"Each of the courts exercising criminal jurisdiction may adopt local rules of procedure which shall not be inconsistent with or in conflict with these rules": Pa. R. Crim. P. 1(b)

This rule is but a paraphrasing of the words of the Act of July 11, 1957, P. L. 819, sec. 2, 17 PS §2084, which follows, in section 1, the ostensible and arguably superfluous grant to the Supreme Court of Pennsylvania of the rule-making power in matters of criminal practice and procedure. Following the 1968 referendum and the approval thereat of the new Judiciary Article, the Pennsylvania Constitution now sets forth in formal fashion the Supreme Court's power to regulate its own business and to adopt and promulgate rules of criminal procedure. See article V, sec. 10(c), Pennsylvania Constitution. In due course, and pursuant to the constitutional revision, the Supreme Court of Pennsylvania readopted Rule 1(b) on November 27, 1968, effective January 1, 1969, thus reiterating to inferior courts their rule-making power in criminal matters.

As noted above, this court has adopted an appropriate rule of practice and procedure in criminal cases relating to the filing of briefs and the argument of cases following conviction and motions for new trial. Our rule ★1123(e) is not inconsistent with, nor in conflict with, the rules of the Supreme Court. The rule is clearly complementary to those rules and is a proper exercise of this court's rule-making power.

Defendant's counsel, although responsible to the court under this rule, has failed to comply with the

rule. His failure to file briefs in accordance with the rule's time limitation did not, in the first instance, bring about the sanction provided for in the rule. Rather, he was given the extended opportunity to file his brief and present himself to the court in order that he might argue his client's position many, many months after the expiration of the time limitation noted above. This he failed to do. Accordingly, we hold that counsel's neglect or his willful inattention to his client's cause, as the case may be, constitutes an abandonment of the application for the relief which he requested on his client's behalf.

We trust that the bar will take due notice of the court's intention to henceforth stringently enforce rule ★1123(e) in appropriate situations and that counsel will govern themselves accordingly. This admonition is, of course, directed to but a small segment of our bar, since the majority of counsel abide by this as well as all other rules of court.

## ORDER

And now, March 23, 1971, for the reasons stated above, defendant's motions for a new trial and in arrest of judgment are denied and dismissed. Defendant is directed to present himself before the court for sentence on a day certain to be fixed by the court.

## CONCURRING OPINION

GARB, J., March 23, 1971.—I concur in the opinion of the majority because I believe that it is not only our prerogative but rather our duty to enforce and apply the rules promulgated by this court. Indeed, if we are to avoid total chaos in the administration of our court calendars, it can only be done by virtue of strict control by this court of its own business.

However, I am more than a little dismayed by the fact that the sins of counsel are hereby visited upon

his client in a criminal matter. Therefore, while I endorse the application of this rule so long as it remains in effect in its present form, I would rather that the rule provide for sanction upon the attorney who is derelict rather than his unwitting client.

## ADDENDUM TO OPINION AND ORDER OF THE COURT FILED MARCH 23, 1971

BODLEY, J., March 30, 1971.—it is significant to note that on March 26, 1971, three days after the date of our opinion and order in the above matter, the Superior Court of Pennsylvania announced its firm policy to require "strict adherence" to that court's rule 47 concerning the timely filing of briefs. The rule as previously promulgated states, in part: "If he [appellant] fails to comply with the above requirements within the time specified . . . the appeal may be dismissed."

The announcement adverted to above concludes with a warning that counsel's failure to meet the rule's time requirement will result in "appropriate action, including dismissal of appeals." This would appear to be an affirmance of the views expressed in our opinion. See 1 Pa. B. 1083 (No. 38, issued March 27, 1971).